IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 1:13-CR-60 |
| | § | |
| JEREMY KYLE WILLEY | § | |

REPORT AND RECOMMENDATION ON
THE DEFENDANT'S COMPETENCY TO STAND TRIAL

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

On July 8, 2013, the court ordered a psychiatric or psychological exam to determine if the Defendant was suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (Docket No. 11.) The Defendant subsequently received an evaluation by Ray Coxe, Ph.D., a Licensed Psychologist in Beaumont, Texas.

The psychiatric report concludes that, in the opinion of Dr. Coxe, "there is not ample clinical evidence on which to raise challenges to the defendant's competence to proceed at this time. In summary, these findings do not raise serious concerns about [Willey's] understanding of how the legal process will play out in the particular context of his own case."

A competency hearing was conducted on September 24, 2013. At the hearing, the Defendant appeared in court with counsel. Counsel for the Defendant did not present any objections to Dr. Coxe's opinion on his competency. Neither party objected to the admissibility of the psychological report detailing the results and findings, therefore, the court admitted it into

evidence under seal. Furthermore, both the Defendant and the Government agreed that the Defendant is competent to stand trial.

The undersigned therefore concludes that the Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. The Defendant has a rational and factual understanding of the proceeding against him, and has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding. 18 U.S.C. § 4241(d); see also Dusky v. United States, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960).

## RECOMMENDATION

The court should find the Defendant competent to stand trial because he understands the nature and consequences of the proceeding against him and is able to assist in his defense. See 18 U.S.C. § 4241. It is further recommended that the speedy trial time be excluded from July 8, 2013, until the date on which the District Judge signs the order adopting this report and recommendation.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. See 28 U.S.C. § 636(b)(1)(c); Fed R. Civ. P. 72(b)(2). A party who objects to this report is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1); Fed

R. Civ. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 30th day of September, 2013.

_____
Zack Hawthorn
United States Magistrate Judge